UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS D. HYLAND and MARY JEAN HYLAND, Plaintiffs, -against- DAVOL INC. and C. R. BARD, INC., Defendants. | 07 1054<br>Removed from:<br>Supreme Court of the State of New York<br>County of Nassau<br>Index No. 1758/07<br><br>Civil Action No.: ____________<br><br>**NOTICE OF REMOVAL** |

SEYBERT, J. BOYLE, M.J.

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by their undersigned counsel, hereby remove the above-captioned matter from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiffs filed this action in the Supreme Court of the State of New York, County of Nassau, on January 30, 2007. Defendants were served on February 13, 2007.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were served with a copy of the Complaint on February 13, 2007. *See* Att. A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30

days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Supreme Court of the State of New York, County of Nassau is located within the Eastern District of New York, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 112(c) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Supreme Court of the State of New York, County of Nassau and served on Plaintiffs.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that the Plaintiffs are residents of 3816 Park Avenue, Seaford, New York 11783. *See* Compl. ¶ 1.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the States of Rhode Island and New Jersey, respectively, *see* Compl. ¶¶ 4 & 7, with their principal places of business in those respective states as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the State of New York.

**B. The amount in controversy requirement is satisfied.**

11. In this case, it is clear that the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiff asserts a number of claims, including those sounding in negligence, strict liability, breach of warranty, false advertising, and deceptive trade practices arising from her receipt of a hernia repair prosthetic. She alleges she has suffered "great physical and emotional pain, suffering, serious and permanent injuries, and associated economic loss," mandating the award of "medical expenses" and "any and all consequential damages, punitive damages, as well as interest, attorneys fees, and costs." *See* Att. A at 72, 88, 101, 115, 126, and 134. Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional amount. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions); *see also In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (same); *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (same).

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of Nassau to this Court pursuant to 28 U.S.C. § 1441.

Date: New York, New York
March 12, 2007

Respectfully submitted,

McCARTER & ENGLISH, LLP

By: ______________________________
Samuel J. Abate, Jr. (SA 0915)
245 Park Avenue
New York, New York 10167
(212) 609-6800
(212) 609-6921 (fax)
sabate@mccarter.com

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.



ME1 6234845v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2007, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271
*via electronic notice and first-class mail*

Samuel J. Abate, Jr.



ME1 6234845v.1