# EXHIBIT C

RECEIVED

SEP 1 1 2006

AT 8:30 M
WILLIAM T. WALSH, CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re Human Tissue Products Liability Litigation | : | Civil Action No. 2:06-135(WMJ) |
| | : | MDL No. 1763 |
| This Document Relates to All Cases | : | |

**ORDER**

Upon consideration of Plaintiffs' Motion Prohibiting Defendants Ex Parte Contact With Plaintiffs Healthcare Providers, the Motion is hereby ~~DENIED~~ dismissed.

~~Plaintiffs have made clear in their reply brief, they were seeking only "to preclude Defendants from conducting ex parte interviews with Plaintiffs' physicians relating to Plaintiffs" claims." The Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320(d) *et seq* ("HIPAA") applies to any such interviews seeking protected health information from covered entities, such as plaintiffs' healthcare providers. HIPAA makes it a prerequisite to the disclosure by healthcare providers of protected health information pursuant to an interview that the party seeking the information has obtained a "qualified protective order" or has obtained an HIPAA-compliant authorization. *See* 45 C.F.R. §§ 164.502 and 164.512(e).~~

Defendants have not sought a qualified protective order from this Court, and defendants have not obtained HIPAA-compliant authorizations from plaintiffs. Defendants have represented to the Court that they understand that ex parte interviews of plaintiffs' healthcare providers seeking protected health information would violate HIPAA.

Defendants may seek an Order permitting such interviews at a later time.

Plaintiffs' rights to oppose the entry of any such Order are preserved.

SO ORDERED this 11th day of Sept. 2006.

s/Ronald J. Hedges

Hon. Ronald J. Hedges, U.S.M.J.